IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW ROBERTS, *by and through his father and legal guardian Richard Roberts*,

    Plaintiff,

      v.

RUSSEL CARLSON, *in his official capacity as Commissioner of the Georgia Department of Community Health*,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-4832-TWT

**OPINION AND ORDER**

This is an action brought for alleged violations of the Medicaid Act. It is before the Court on the Defendant's Motion to Dismiss [Doc. 20], which is GRANTED.

I.    Background[1]

The Georgia Pediatric Program ("GAPP") provides in home private duty nursing services to certain children under 21 years of age with complex medical diagnoses. (Am. Compl. ¶ 70). The Defendant Russel Carlson, in his official capacity as Commissioner of the Georgia Department of Community Health, administers the GAPP to eligible children in Georgia, including the Plaintiff Matthew Roberts. (*Id.* ¶¶ 1–2). The Plaintiff claims that the Defendant reduced

---

[1] The Court accepts the facts as alleged in the Amended Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

his private duty nursing services against the recommendation of his treating physician and in violation of the Medicaid Act and the Fourteenth Amendment of the U.S. Constitution. (*Id.* ¶¶ 3–6, 12–16). Specifically, he faults the Defendant for failing to approve his recommended nursing hours, for failing to arrange for the provision of those nursing hours, and for failing to provide timely and adequate written notice pertaining to decisions on his nursing hours. (*Id.* ¶ 1). He filed the present lawsuit on October 20, 2023, seeking both declaratory and injunctive relief from the alleged statutory and constitutional violations. Within minutes of the filing of the suit, the Defendant agreed to provide the Plaintiff with the number of nursing hours recommended by his physician until the Plaintiff turns 21 years old in May 2024. (*Id.* ¶ 9). The Defendant now moves to dismiss the claims against him as moot.

## II.     Legal Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. Fed. R. Civ. P. 12(b)(1). Federal courts treat motions to dismiss for mootness as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). "The rule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement." *Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002) (citation omitted).

2

The Supreme Court has endorsed mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (citation omitted). "If a lawsuit is mooted by subsequent developments, any decision a federal court might render on the merits of a case would constitute an advisory opinion." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (citation omitted). However, the Eleventh Circuit recognizes three exceptions to the mootness doctrine: "(1) where one issue has become moot, but the case as a whole remains alive because other issues have not become moot; (2) when one party unilaterally alters its conduct to terminate the dispute, such as ceasing allegedly illegal conduct; and (3) where a controversy is capable of repetition, yet evades review." *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369, 372–73 (11th Cir. 2012) (alteration, quotation marks, and citation omitted).

### III.   Discussion

The Defendant moves to dismiss the Plaintiff's claims for violations of the Medicaid Act and the Fourteenth Amendment as moot, arguing that he already approved the nursing hours the Plaintiff seeks in the Amended Complaint and that he is not responsible for arranging the Plaintiff's nursing services to ensure every hour is received. (Br. in Supp. of Def.'s Mot. to Dismiss

3

Am. Compl., at 2). In response, the Plaintiff argues that the Defendant's revocable approval of his nursing hours does not moot his allegations of flawed processes nor should his claim for failure to ensure provision of the nursing services be dismissed. (Resp. Br. in Opp'n to Def.'s Mot. to Dismiss Am. Compl., at 1–2).

The Court concludes that the Defendant's subsequent approval of the Plaintiff's sought private duty nursing hours renders his claims moot. Here, the Plaintiff's claims seeking declaratory and injunctive relief for violation of the Medicaid Act and the Fourteenth Amendment arise from the Defendant's alleged failure to approve the nursing hours recommended by the Plaintiff's physicians. This denial of nursing hours is, in fact, the underlying injury that the Plaintiff sustained and that forms the basis of his claims. But after the State approved his hours shortly after the filing of this lawsuit, the Plaintiff now lacks any redressable harm that would warrant declaratory or injunctive relief from this Court. *See Worthy v. City of Phenix City, Alabama*, 930 F.3d 1206, 1215 (11th Cir. 2019) ("To demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a *substantial likelihood that he will suffer injury in the future.*" (alteration and citation omitted)).[2]

---

[2] The present case is factually distinguishable from *O.B. v. Norwood*, 838

Moreover, none of the exceptions to the mootness doctrine warrant survival of the Plaintiff's claims here. Although conceding that the Defendant's approval of his hours moots his claim for nursing hours, the Plaintiff contends that the application of the Defendant's policies and practices constitute violations of the Medicaid Act and the Fourteenth Amendment that remain unredressed. (Resp. Br. in Opp'n to Def.'s Orig. Mot. to Dismiss, Doc. 16, at 12). But the Plaintiff here prospectively seeks declaratory and injunctive relief, not damages from any past alleged harm from these policies. (*See* Am. Compl., at 41–45). And the possibility that these allegedly unlawful policies and practices would be applied in the event of a future need for an increase in his nursing hours, as the Plaintiff suggests, is not sufficient to confer Article III standing. *See Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 926 (11th Cir. 2020).

In addition, with the Plaintiff aging out of the GAPP program next month, these alleged violations cannot reasonably be expected to recur, especially considering that the Defendant has approved his nursing hours

---

F.3d 837, 840 (7th Cir. 2016), where the state health department "made no attempt to find nurses for" the plaintiff for almost a year and thus "left the search to be conducted by parents who apparently lacked the knowledge or experience required to hire the needed number of nurses without a painfully protracted search." Here, the GAPP contracts with nursing agencies across the state to facilitate services through approved providers to its members. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 4–5). Regardless, the Plaintiff has failed to show a substantial likelihood that he will suffer injury in the future for the Defendant's alleged failure to ensure provision of nursing services. Accordingly, the Plaintiff lacks standing to pursue such a claim. *See Worthy*, 930 F.3d at 1215.

5

through that time. *See Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010). The timing of the Defendant's approval of the Plaintiff's nursing hours, prior to receiving notice of this lawsuit, (Br. in Supp. of Def.'s Mot. to Dismiss, at 4–5), also cuts against the voluntary cessation exception, as does the fact that the Defendant is a government entity. *See Harrell,* 608 F.3d at 1266. Finally, the Plaintiff's claims are not capable of repetition but evading review in this case because he will age out of the GAPP program next month and therefore lacks a reasonable expectation of being subjected to the same alleged injury again. *See Bourgeois v. Peters*, 387 F.3d 1303, 1309 (11th Cir. 2004) (citing *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1478 (11th Cir. 1997)); *see also Worthy*, 930 F.3d at 1215 ("In determining whether a future injury is likely to occur, we consider whether the plaintiff is likely to have another encounter with a government officer due to the same conduct that caused the past injury." (quotation marks and citation omitted)). Therefore, the Plaintiff's claims are not justiciable and should be dismissed as moot.

### IV.  Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss [Doc. 20] is GRANTED.

SO ORDERED, this ___10th___ day of April, 2024.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge